IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNICE M. PETERSON et al.,

        Plaintiffs,

  vs.                                                        No. CIV  08-1195 BB/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.

## **ORDER ON QUALIFIED IMMUNITY ASSERTION**

Defendants have asserted qualified immunity as an affirmative defense.  Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery.  Saucier v. Katz, 533 U.S. 194, 200-202, 121 S. Ct. 2151, 2156 (2001), *overruled on other grounds*, Pearson v. Callahan, ___ U.S. ___, 2009 WL 128768 (U.S. Jan. 21, 2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).

To ensure that Plaintiffs have an adequate opportunity to respond to the motion to dismiss or for summary judgment, upon receipt of the potentially dispositive motion, should Plaintiffs believe that some discovery on the issue of qualified immunity is necessary, Plaintiffs should file a Fed. R. Civ. P. 56(f) affidavit.  It will be insufficient for Plaintiffs to simply argue that the motion is premature, that discovery is incomplete or that additional discovery must be undertaken.  Rather, Plaintiffs must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the discovered evidence will assist Plaintiffs in overcoming Defendants' *prima*

*facie* showing. *See* Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); Burke v. Utah Transit Authority & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006)(Rule 56(f) affidavit must state with specificity how additional discovery will rebut summary judgment motion) *cert. denied*, 127 S. Ct. 2250.

Any 56(f) affidavit should be presented to the undersigned magistrate. The filing of the 56(f) affidavit will serve to stay the response time to the underlying motion. Upon review of the 56(f) affidavit, the magistrate will determine if Plaintiffs have made a sufficient case for discovery. If so, the Court will issue an order consistent with the narrowly tailored requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989), and will outline what discovery may be taken, the nature and extent of the discovery and the time limit for completing discovery. The Court will also provide Plaintiffs with a new response date to the underlying motion.

Alternatively, if the magistrate concludes that Plaintiffs have failed to make a sufficient case for discovery, the request for additional discovery on qualified immunity will be denied. In that event, the Plaintiffs will still be given a new response date to the underlying motion. All other discovery will be stayed pending the Court's consideration and disposition of the motion on qualified immunity.

      */s/ Lorenzo F. Garcia*
      Lorenzo F. Garcia
      Chief United States Magistrate Judge